**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DEMETRIUS S. RANKIN**                                                                **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO.  1:10cv278-HSO-JMR**

**UNITED STATES, et al.**                                                            **DEFENDANTS**

_____

### REPORT & RECOMMENDATIONS

This matter comes before the Court pursuant to the Plaintiff's Motion [53] to Set-Aside Certification. On April 14, 2011, a Certification was filed by United States Attorney John M. Dowdy, Jr., certifying that, after a review of Plaintiff's Complaint [1] and Amended Complaint [30], the named Defendants Meynardie, Gilbert, Gaffney, Massey, Nicholson, Johnson, and Loraine were acting within the scope of their employment as defined by 28 U.S.C. § 2671 at the time of the actions from which the Plaintiff's cause of action arose. On June 3, 2011, the Plaintiff filed his Motion [53] to Set Aside the Certification. The Defendants filed a Response [62] to which the Plaintiff filed a Reply [64]. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, recommends that the Motion [50] should be denied.

**I.**

Generally, certification that a federal government employee was acting within the scope of

his employment is subject to de novo judicial review, and the question whether the employee was acting within the scope of his employment is governed by the law of the state in which the conduct at issue occurred. *Vander Zee v. Reno*, 100 F.3d 952 (5th Cir. 1996) (citing *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir.1995)). In Mississippi, an employee's actions "must be in furtherance of the employer's business" to be within the scope of employment. *L.T. ex rel. Hollins v. City of Jackson*, 145 F. Supp. 2d 750, 757 (S.D. Miss. 2000) (citing *Estate of Brown ex rel. Brown v. Pearl River Valley Opportunity, Inc*, 627 So. 2d 308 (Miss. 1993)). The determination of whether an employee is furthering his employer's business "turns upon whether the activity carries out the employer's purposes or advances his interest directly or indirectly." *Id.* Although the court gives no judicial deference to the United States Attorney's findings, *Palmer v. Flaggman*, 93 F.3d 196, 198-99 (5th Cir.1996), the plaintiff bears the burden of proving that the employee's conduct was not within the scope of his employment. *Williams v. United States*, 71 F.3d 502, 506 (5th Cir.1995). If the plaintiff supports his claims with conclusory statements, he will fail to carry his burden. *Maibie v. United States*, 2008 WL 4488982 (N.D. Tex. 2008).

Rankin does not include any argument or facts to support his position within the motion itself; rather, in his reply he states that he fully incorporates the facts within his Memorandum [56] supporting his response to the Defendants' motion to dismiss into the instant motion. Within that memorandum, Rankin includes a section that seeks to set aside the certification. However, his arguments, and facts therein, do not adequately support his claim to set aside. With regard to his Fourth Amendment claim, Rankin argues that Defendants Gaffney, Massey, Nicholson, and Loraine acted in "excess of their authority." Mem. [56] 20. To support his Fifth Amendment claim, he argues that these same Defendants, "acting under the color of law," circumvented Mississippi law in turning the seized property over to federal authorities without a court order. *Id.* He also claims these

Defendants acted in concert with Defendants Meynardie, Gilbert, and Johnson "while acting under the color of law" acted as individuals when they exceeded their authority by issuing the declarations of federal administrative forfeiture. *Id*.

Looking past Rankin's admissions that the Defendants were "acting under the color of law," what Rankin seems to misunderstand is that federal officials do not act outside their scope of employment by merely acting in excess of their authority. Though Rankin objects to the actions taken by the Defendants, and they provide the basis for his Federal Tort Claim Act claims, in all of their actions the purpose was clearly in "directly or indirectly" advancing their employer's interests. The search of Rankin's home and the related seizures were performed in the advancement of a federal criminal investigation against him; the subsequent forfeitures proceeded under the authority of federal statutes in the interest of the United States, not for any personal gain. Thus, the Plaintiff's Motion [53] to Set-Aside Certification should be denied.

## RECOMMENDATION

Based on the preceding analysis, the Plaintiff has failed to meet his burden of demonstrating that the named Defendants were acting outside the scope of their employment as defined by 28 U.S.C. § 2671 at the time of the actions from which the Plaintiff's cause of action arose. Therefore, this Court recommends that the Plaintiff's Motion [53] to Set-Aside Certification should be denied.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.

Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the ___31st___ day of January, 2011.

                                          *s/ John M. Roper, Sr.*
                            CHIEF UNITED STATES MAGISTRATE JUDGE