**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**DEMETRIUS S. RANKIN**                                                    **PLAINTIFF**


**VERSUS**                              **CIVIL ACTION NO. 1:10-cv-00278-HSO-JMR**


**UNITED STATES OF AMERICA,** *and*
**JOHN ARTHUR MEYNARDIE,** *AUSA, and*
**JASON SCOTT GILBERT,** *AUSA, and*
**JOHN GAFFNEY,** *F.B.I., and*
**JAMES D. MASSEY,** *F.B.I., and*
**JOSEPH W. NICHOLSON,** *F.B.I.,* **and**
**TAWANNA R. JOHNSON,** *F.B.I., and,*
**JOHN DOE 1-10**, *and*
**JEROME LORAINE**                                                    **DEFENDANTS**


## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE'S REPORTS AND RECOMMENDATIONS

This matter is before the Court on Plaintiff's Objections [75][76] to Chief

Magistrate Judge John M. Roper's (1) Report and Recommendation [69], regarding

Plaintiff's Motion [53] to Set Aside a Certificate of Counsel [49], filed by the United

States Attorney, and (2) Report and Recommendation [70], regarding Defendants'

Motion to Dismiss, or in the Alternative, for Summary Judgment [50].  After

thoroughly reviewing the findings in the Reports and Recommendations, in addition

to the positions advanced by Plaintiff in his Objections, the Court finds that

Plaintiff's Objections should be overruled, and that the Reports and

Recommendations [69][70] should be adopted as the findings of the Court, along

with the additional findings made herein.

# I. BACKGROUND

A.    Factual Background

On June 1, 2006, Plaintiff Demetrius Rankin was stopped for a traffic violation in Pascagoula, Mississippi. Factual Basis, Plea Hr'g Tr. [76] at p. 24, in Cause No. 1:06-cr-41-LG-JMR. Plaintiff gave police officers verbal consent to search his vehicle. *Id.* When he exited his vehicle, officers observed what appeared to be a handgun in his waistband. *Id.* They made an attempt to seize the weapon, but Plaintiff resisted. *Id.* at pp. 24-25. A search revealed that Plaintiff was carrying a .22 caliber revolver, approximately one ounce of marijuana, and $1200.00 in cash. Sentencing Tr. [77] at p. 13, in Cause No. 1:06-cr-41. Plaintiff was arrested and transported to the Pascagoula City Jail, where he made a telephone call to Laquisha Brooks, his girlfriend, who resided at his residence. Factual Basis, Plea Hr'g Tr. [76] at p. 24, in Cause No. 1:06-cr-41-LG-JMR. The two discussed various illicit items which were at the residence. *Id.* Based on this call, as well as upon other evidence, police obtained a search warrant for Plaintiff's residence. *Id.* Federal Bureau of Investigation ("F.B.I.") task force members executed the warrant. Search Warrant and Search Warrant Return and Receipts [30-1], Exs. to Pl's Am. Compl. [30]. As they arrived at the residence, Ms. Brooks was attempting to leave. Factual Basis, Plea Hr'g Tr. [76] at p. 25, in Cause No. 1:06-cr-41-LG-JMR. Agents recovered approximately $20,000.00, from her purse, and 9.4 kilograms of cocaine from a locked trailer on the property. *Id.* A key from Plaintiff's key chain fit the lock on the trailer. *Id.*

B.    Procedural History

1.    Related Proceedings

On June 21, 2006, Plaintiff was charged in this Court, in a three-count indictment, with (1) knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1); (2) knowingly and intentionally possessing with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1); and (3) criminal forfeiture of all property constituting or derived from any proceeds a result of such violations, pursuant to 21 U.S.C. § 853.  Indictment [17], in Cause No. 1:06-cr-41-LG-JMR.  On September 19, 2006, he entered into a Plea Agreement [26], and pled guilty to conspiracy with intent to distribute five kilograms or more of a substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).  Judgment [29], in Cause No. 1:06-cr-41-LG-JMR.

He also pled guilty to criminal forfeiture, pursuant to 21 U.S.C. 853.  *Id.*  The plea colloquy and Plea Agreement indicate that at the time of his plea, the Government and Plaintiff's counsel had not finalized an agreement as to which assets or property would be forfeited.  Plea Hr'g Tr. [76] at pp. 2-3 and Plea Agreement [26], in Cause No. 1:06-cr-41-LG-JMR.  The Plea Agreement provided that the parties would stipulate to the items that would be forfeited prior to sentencing, or present the issue to the Court through an evidentiary hearing.  Plea

Agreement [26], in Cause No. 1:06-cr-41-LG-JMR.  On April 17, 2007, the Court
sentenced Plaintiff to 143 months incarceration, to be followed by five years of
supervised release.  Judgment [29], in Cause No. 1:06-cr-41-LG-JMR.  Neither
Plaintiff nor the Government raised the issue of forfeiture during the sentencing
hearing.  Sentencing Tr. [77], in Cause No. 1:06-cr-41-LG-JMR.

On April 21, 2008, Plaintiff filed a motion in his criminal proceeding
pursuant to Federal Rule of Criminal Procedure 41(e), seeking the return of the
property seized from his person, vehicle, and residence. Mot. for Return of Seized
Property [37], in Cause No. 1:06-cr-41-LG-JMR.  On the same date, he also filed a
Motion to Vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255.  Mot. to
Vacate [38], in Cause No. 1:06-cr-41-LG-JMR.  On October 6, 2008, the Government
filed a Motion to Dismiss [56] the criminal forfeiture Count in the Indictment
without prejudice, because the property described had been declared
administratively forfeited through a series of findings by the F.B.I. from October 31,
2006, through March 19, 2007.  Decls. of Administrative Forfeiture, Ex. A [56-2] to
Mot. to Dismiss [56], in Cause No. 1:06-cr-41-LG-JMR; Decls. of Prashant Rangnath
[50-1, 50-2, 50-3, 50-4, 50-5, 50-6], Exs. 1-6 to Gov't Mot. to Dismiss or for Summ. J.
[50].  The Court granted the Government's Motion to Dismiss on October 7, 2008,
and dismissed the property from the forfeiture Count of the Indictment.  Order [57]
at pp. 1-2.

On January 19, 2010, the Court denied Plaintiff's Motion to Vacate.  Mem.
Op. and Order [70], in Cause No. 1:06-cr-41-LG-JMR.  Of relevance here, the Court

found that Plaintiff could not challenge the search warrant because he waived this claim by pleading guilty. *Id.* at p. 4. It further concluded that Plaintiff's claim alleging that the Government breached the Plea Agreement by failing to return certain property to him "has no factual support in the record and is not grounds for § 2255 relief." *Id.* at p. 11. Finally, the Court held that the Government was not required by the Plea Agreement to make a motion requesting a reduction in Plaintiff's sentence for his substantial assistance. *Id.* at pp. 11-12. On March 19, 2010, Plaintiff appealed the Court's denial of his Motion to Vacate. Notice of Appeal [89], in Cause No. 1:06-cr-41-LG-JMR.

On February 3, 2011, the Fifth Circuit enforced the appeal waiver in Plaintiff's Plea Agreement and dismissed Plaintiff's appeal of the Court's Order denying his Motion to Vacate. Judgment/Mandate [92], in Cause No. 1:06-cr-41-LG-JMR. In its opinion, the Fifth Circuit found that (1) "[p]rior to the date of the plea agreement, [Plaintiff] was notified of an administrative forfeiture proceeding pertaining to the same property listed in the criminal forfeiture count ("the Property");" (2) he "made no claims on the Property in response to the administrative forfeiture notice;" (3) the Property was administratively forfeited prior to Plaintiff's sentencing; and (4) Plaintiff "made no complaint at the sentencing hearing about the administrative forfeiture or the lack of a hearing on any disagreement." Mem. Op. and Order [91] at p. 2. The Fifth Circuit held that, even assuming that it was error to not hold a hearing over forfeiture of the Property, Plaintiff's substantial rights were not affected because he "pointed to

nothing to suggest that he had a basis to avoid forfeiture of any of the Property." *Id.*

The Court of Appeals further concluded that the Government did not breach the Plea Agreement by not filing a motion for a downward departure under Sentencing Guideline § 5K1.1 or a motion for sentence reduction under Federal Rule of Criminal Procedure 35(b), because the Plea Agreement "expressly reserved the Government's discretion over whether such a motion or motions would be appropriate." *Id.* at p. 3. While Assistant United States Attorney ("AUSA") John Arthur Meynardie made remarks at Plaintiff's sentencing hearing to the effect that Plaintiff had cooperated and "is already entitled to some credit," these remarks did not alter the Fifth Circuit's finding that the Government did not breach the Plea Agreement. *Id.*

> 2. The Current Litigation

On November 9, 2009, Plaintiff commenced this civil suit, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), alleging that (1) the seizure of his property was unlawful; (2) AUSA Meynardie was negligent for failing to bring before the Court, prior to Plaintiff's sentencing, the issue of the property to be forfeited; (3) F.B.I. employee Towanna R. Johnson submitted false declarations regarding the administrative forfeiture of Plaintiff's property; and (4) AUSA Meynardie and AUSA Jason Scott Gilbert breached an agreement with Plaintiff by administratively forfeiting his property, and by failing to notify the Court at sentencing of his cooperation. Pl.'s Compl. [1] at pp. 2-3.

On September 22, 2010, Plaintiff filed an Amended Complaint, re-urging his original claims and seeking judgment against the individual federal employee Defendants pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). Pl.'s Am. Compl. [30]. The individual Defendants consist of Meynardie, Johnson, and Gilbert, as well as F.B.I. task force members who executed the warrant at Plaintiff's residence, Joseph W. Nicholson, John Gaffney, James D. Massey, and Jerome Loraine. *Id.* at pp. 1-5. In his Amended Complaint, Plaintiff also contends that Defendants Nicholson, Gaffney, Massey, and Loraine seized property from Plaintiff's residence which exceeded the scope of the search warrant, and in so doing violated his rights under the Fourth and Fifth Amendments. *Id.* at p. 2.

On April 14, 2011, the United States Attorney filed a Certificate of Counsel, pursuant to the provisions of 28 U.S.C. § 2679(d)(1) of the FTCA, certifying that all individual Defendants acted within the scope of their employment as employees of the federal government as defined by 28 U.S.C. § 2671, and maintaining that the FTCA was the exclusive remedy against the individual Defendants. Certificate of Counsel [49]. The same day, Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [50]. On June 3, 2011, Plaintiff filed a Motion to Set Aside the United States Attorney's Certificate of Counsel, and a Response to the Government's Motion to Dismiss. Mot. [53] to Set Aside Certificate of Counsel; Pl.'s Resp. [55] to Mot. to Dismiss or for Summ. J. [50].

Chief Magistrate Judge John M. Roper issued separate Reports and

Recommendations on the two pending Motions.  Report and Recommendation [69] on Pl.'s Mot. [53] to Set Aside the Certificate of Counsel; Report and Recommendation [70] on Gov't Mot. [50] to Dismiss, or in the Alternative, Mot. for Summ. J.  He first recommended that Plaintiff's Motion to Set Aside Certificate of Counsel be denied, because Plaintiff failed to meet his burden of demonstrating that the individual Defendants were acting outside the scope of their employment as defined by 28 U.S.C. § 2671.  Report and Recommendation [69] at p. 3.  In the second Report and Recommendation, the Magistrate recommended that Defendants' Motion to Dismiss [50], or in the Alternative, for Summary Judgment [50] be granted on grounds that this Court lacks subject matter jurisdiction over Plaintiff's FTCA causes of action, and because Plaintiff failed to meet his burden of demonstrating any genuine issues of material fact precluding summary judgment on his *Bivens* claims.  Report and Recommendation [70] at p. 19.

Plaintiff filed Objections [75][76] to both Reports and Recommendations, which are now before this Court.  He argues that (1) the individual Defendants acted beyond the scope of their employment when executing the traffic stop, search warrant, and administrative forfeiture; (2) law enforcement officers did not have probable cause to make the traffic stop or to seize items from his vehicle and residence; (3) law enforcement officers seized property from his residence that was not related to illegal activity; (3) law enforcement officers seized property from his residence that exceeded the scope of the search warrant; (4) the administrative forfeiture of his property was unlawful and without due process of law; (5)

prosecutors breached the Plea Agreement by administratively forfeiting the property, by not negotiating the items or property to be seized prior to his sentencing or submitting the issue to the Court through an evidentiary hearing, and by not making a motion requesting a reduction in his sentence for his substantial assistance. Objs. [75][76] to Reports and Recommendations [69][70].

## II.  DISCUSSION

A.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), if written objections are timely filed to a magistrate judge's proposed findings and recommendations, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). In so doing, the Court is not required to reiterate the findings and conclusions of the magistrate judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive, or general in nature, *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997).

B.    Plaintiff's Motion to Set Aside Certificate of Counsel

The Court has conducted an independent, *de novo* examination of the record in this case, as well as of Judge Roper's Report and Recommendation [69] that Plaintiff's Motion [53] to Set Aside Certificate of Counsel be denied. The record is bereft of any evidence indicating that the individual Defendants were acting outside the scope of their employment as defined by 28 U.S.C. § 2671, at the time relevant to Plaintiff's claims. The Court finds that Plaintiff's Objections [75][76] challenging

the Certificate of Counsel [49] are not well taken or supported by the record, and should be overruled.  The Report and Recommendation [69] of Judge Roper should be adopted as the opinion of the Court, and Plaintiff's Motion [53] to Set Aside Certificate of Counsel should be denied.

C.      The Government's Motion to Dismiss, or in the Alternative, for Summary Judgment

     1.      Plaintiff's Claims Related to Probable Cause and the Scope of the Search Warrant

Plaintiff contends that law enforcement officers did not have probable cause to make the traffic stop or to seize items from his vehicle and residence.  Objs. [75][76] to Reports and Recommendations [69][70], at p. 3.  He also alleges that law enforcement officers seized property from his residence that exceeded the scope of the search warrant.  *Id.* at p. 7.  The Court has already determined in Plaintiff's habeas proceeding, that Plaintiff's challenges to "the validity of the search warrant, which are unrelated to the voluntary nature of his guilty plea, have been waived by the fact of his guilty plea."  Mem. Op. and Order [70] at p. 4, in Cause No. 1:06-cr-41-LG-JMR.  Plaintiff similarly waived, by his guilty plea, any challenges related to probable cause or the scope of the warrant.  *United States v. Cothran,* 302 F.3d 279, 286 (5th Cir. 2002)("A guilty plea . . . eliminates objections to searches and seizures that violate the Fourth Amendment.").  Moreover, Plaintiff's contentions are conclusory.  Even if these claims were not waived, Plaintiff has submitted no evidence to support them.  This is insufficient to withstand summary judgment in Defendants' favor.

2.     Plaintiff's Claims Alleging Breach of the Plea Agreement

Plaintiff's argument that the Government and individual Defendants breached the Plea Agreement by administratively forfeiting his property and by failing to inform the Court of the nature and extent of Plaintiff's cooperation, are claims which Plaintiff unsuccessfully pursued in his 28 U.S.C. § 2255 Motion to Vacate.  Mot. to Vacate [38], in Cause No. 1:06-cr-41-LG-JMR.  This Court, and the Fifth Circuit, have previously rejected these claims on their merits.  Mem. Ops. and Orders [70][91], in Cause No. 1:06-cr-41-LG-JMR.  Plaintiff's claims alleging breach of the Plea Agreement are therefore barred by collateral estoppel.  *Sun v. United States,* No. 93-1399, 20 F.3d 1169, 1994 WL 144643, *2 (5th Cir. 1994)(FTCA claims identical to claims decided on the merits in habeas proceeding barred by collateral estoppel).

Moreover, the Court lacks jurisdiction over these claims under the FTCA.  The FTCA applies only to tort claims.  *Johnson v. Sawyer,* 47 F.3d 716, 726 n.22 (5th Cir. 1995).  Claims alleging breach of a plea agreement are contract claims, which fall outside the FTCA's waiver of sovereign immunity.  *Id.* (citing *Paul v. United States,* 929 F.2d 1202, 1204 (7th Cir. 1991)("Claims based on the plea bargain invoke contract, not tort.")); *see City National Bank v. United States,* 907 F.2d 536, 546 (5th Cir. 1990)(grossly negligent breach of contract excluded from FTCA as a contract claim).  Plaintiff does contend that the Government breached the Plea Agreement maliciously and through fraud and deceit.  Pl.'s Am. Compl. [30] at p. 5.  To the extent that such claims could be broadly construed as tort

claims, they are barred by the FTCA's "enumerated torts" exception for claims arising from "misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h); *see Paul,* 923 F.2d at 1204.

3.    <u>Plaintiff's FTCA Claims Alleging Unlawful Forfeiture</u>

Plaintiff pled guilty to a criminal drug charge, which serves as a ground for criminal forfeiture pursuant to 21 U.S.C. § 853. He also pled guilty to criminal forfeiture pursuant to 21 U.S.C. § 853. The FTCA, which provides a limited waiver of the Government's sovereign immunity for claims arising out of torts committed by federal employees acting within the scope of their employment, does not waive sovereign immunity for claims against law enforcement officers alleging unlawful forfeiture where the claimant was "convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal Criminal forfeiture law." 28 U.S.C. § 2680(c)(4). Although Plaintiff's property was administratively forfeited, the property was clearly "subject" to federal criminal forfeiture laws as well, and the United States, as well as Defendants in their official capacities, are immune from Plaintiff's claims alleging unlawful forfeiture. *Pearson v. United States,* No. 09-3763, 373 Fed. App'x 622, 624 (7th Cir. 2010); *Diaz v. United States,* 517 F.3d 608, 613-14 (2d Cir. 2008); *Adeleke v. United States,* 355 F.3d 144, 153-54 (2d Cir. 2004).

4.    <u>Plaintiff's *Bivens* Claims Alleging Unlawful Forfeiture</u>

Plaintiff has sued individual Defendants, alleging that they violated his Fourth and Fifth Amendment rights by seizing and administratively forfeiting

property seized from his person, vehicle, and residence.  Pl.'s Am. Compl. [30] at p.

4.  Under the circumstances of this case, unlawful administrative forfeiture is not a

cognizable *Bivens* claim, because Plaintiff received advanced notice of the intended

forfeiture and an opportunity to contest the forfeiture, which were sufficient to

satisfy the demands of due process.  The Civil Asset Forfeiture Reform Act of 2000,

18 U.S.C. § 981, *et seq.* ("CAFRA"), provides a comprehensive statutory remedy for

contesting a civil forfeiture.[1]  Plaintiff's exclusive remedy for challenging the

forfeiture was through the procedures established by CAFRA.  18 U.S.C. §

983(e)(5)("A motion filed under this subsection shall be the exclusive remedy for

seeking to set aside a declaration of forfeiture under a civil forfeiture statute."); *see*

*Mesa Valderrama v. United States,* 417 F.3d 1189, 1196 (11th Cir. 2005);  *Lefler v.*

*United States,* No. 11cv220-LAB(POR), 2011 WL 2132827, *2 (S.D. Cal. 2011);

*North Carolina ex rel. Haywood v. Barrington,* No. 1:02CV74, 256 F. Supp. 2d 452,

464 (M.D.N.C. 2003).

In its opinion affirming the denial of Plaintiff's Motion to Vacate, the Fifth

Circuit found that Plaintiff received notice of the administrative forfeiture

proceedings, yet made no claims to the property in response to the notice.  Mem. Op.

---

[1]The F.B.I., pursuant to the Comprehensive Drug Abuse and Control Act, 21 U.S.C. § 801, *et seq.*, has authority to seize and forfeit property falling within the categories described in 21 U.S.C. § 881(a), *i.e.*, property used to facilitate illegal narcotics transactions or acquired through the proceeds of such criminal activity. "The Government may use the administrative forfeiture procedure when seized property has a value under $500,000 or is in the form of U.S. currency."  *Taylor v. United States,* 483 F.3d 385, 387 (5th Cir. 2006); *see* 21 U.S.C. § 881(d); 19 U.S.C. § 1607, *et seq.*

and Order [91] at p. 2, in Cause No. 1:06-cr-41-LG-JMR. The Declarations by the F.B.I., filed in support of the Government's Motion to Dismiss [50], indicate that Plaintiff was provided notice of the seizure of the property and the procedures for contesting forfeiture. Decls. of Prashant Rangnath [50-1, 50-2, 50-3, 50-4, 50-5, 50-6], Exs. 1-6 to Gov't Mot. to Dismiss or for Summ. J. [50]. Plaintiff "does not deny that he had knowledge of the administrative proceedings." Pl.'s Resp. [55] to Gov't Mot. to Dismiss or for Summ. J. [50] at p. 2; Pl's Mem. in Supp. of Resp. [56] at p. 32. He maintains that he was advised by his attorney that the Government would forego the administrative forfeiture in exchange for his guilty plea. Pl's Mem. in Supp. of Resp. [56] at p. 32. This contention is unavailing, in light of Plaintiff's admission at his plea that he had not been made any promises or assurances of any kind, beyond those contained in the Plea Agreement, in exchange for his guilty plea. Plea Hr'g Tr. [76] at p. 10, in Cause No. 1:06-cr-41-LG-JMR. Plaintiff's Plea Agreement clearly states that it "completely reflects all promises, agreements, and conditions made by and between the United States Attorney's Office . . . and Defendant." Plea Agreement [26] at p. 11, in Cause No. 1:06-cr-41-LG-JMR. Plaintiff's *Bivens* claims alleging unlawful forfeiture should be dismissed.

## III. CONCLUSION

After careful consideration of the record and the relevant law, the Court is of the opinion that Plaintiff's Objections [75][76] should be overruled, and that the separate Reports and Recommendations [69][70] of Chief Magistrate Judge John M. Roper, should be adopted as the findings of this Court, along with the additional

findings made herein. Plaintiff's Motion to Set Aside Certificate of Counsel [53], should be denied, and Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment [50], should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objections [75][76] filed in this cause are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [69] of Chief Magistrate Judge John M. Roper entered on January 31, 2012, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [70] of Chief Magistrate Judge John M. Roper entered on January 31, 2012, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion to Set Aside Certificate of Counsel [53] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment [50] is **GRANTED**, and this civil action is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 31st day of October, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE